UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

RANDALL VECCHIO,                    )   CASE NO. 4:06 CV 2974
                                    )
         Plaintiff,                 )   JUDGE JOHN R. ADAMS
                                    )
    v.                              )
                                    )   MEMORANDUM OF OPINION
MAHONING COUNTY JUSTICE CENTER,     )   AND ORDER
                                    )
         Defendant.                 )

On December 12, 2006, this prisoner civil rights action was removed from the Mahoning County Court of Common Pleas. Plaintiff, Randall Vecchio, an inmate at the Mahoning County Justice Center, alleges he is being held under crowded unsanitary conditions there and is not receiving appropriate medical treatment, and he asserts this violates his constitutional rights. For the reasons stated below, this action is dismissed without prejudice.

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.

1998), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001).[1]

    Plaintiff has not suggested that he has pursued or exhausted administrative remedies at the Mahoning County Jail. The inmate bears the burden of establishing exhaustion of administrative remedies. Brown, 139 F.3d at 1104. Plaintiff has not satisfied that burden.

    Because Plaintiff has not demonstrated that he filed grievances for any of his claims, this action is dismissed without prejudice pursuant to 42 U.S.C. § 1997e. Further, the court

---

[1] See also, Lyons-Bey v. Curtis, No. 01-1574, 2002 WL 203214 (6th Cir. Feb. 7, 2002)(indicating that plaintiff must exhaust each separate claim raised in his complaint); Fuller v. Calvin, No. 01-1814, 2002 WL 21998 (6th Cir. Jan. 4, 2002)(finding that plaintiff must present documents to the court indicating that he filed a grievance against each of the named defendants for the specific misconduct alleged in the complaint); Vandiver v. Martin, No. Civ. A.01-CV-71510-DT, 2002 WL 482549, slip op. (E.D. Mich. Mar. 5, 2002)(finding that the issues plaintiff raises in his complaint are limited to the specific issues and the specific individuals named in plaintiff's grievances).

certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

        IT IS SO ORDERED.


Date: January 31, 2007             S/John R. Adams
                                        JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE